SAN ANTONIO TRACTION COMPANY v. THOMAS V. SETTLE.

No. 2145. Decided March 8, 1911.

**1.—Charge—Omission—Request for Instruction.**

An instruction to find for plaintiff in case certain acts of negligence causing injury to him were shown is not affirmatively erroneous because another negligent act pleaded and supported by testimony and which might have established defendant's liability was not submitted. Plaintiff can not complain of such omission unless he requested a charge supplying it. Rulings herein on appeal are held to conflict with previous decisions on this point. (Pp. 145, 146.)

**2.—Charge—Invited Error.**

Appellant can not complain of a charge given at his own request.  (P. 147.)

**3.—Same—Request for Charge.**

A charge requested by defendant was called to the attention of plaintiff's counsel by the court, with the statement that it would not be given unless he joined in requesting it.  Plaintiff's counsel consented to this and the court endorsed on it "given at request of both plaintiff and defendant," signed same officially, and read it to the jury.  Held, that plaintiff was concluded from complaining of the charge, though he had not asked in writing that it be given.  (P. 147.)

**4.—Charge—Pleading—Variance.**

Plaintiff's pleading alleged that in attempting to board a street car when it was standing still the car was negligently started while he was doing so and his injuries caused thereby.  An instruction that he could not recover if he attempted to board the car while it was in motion, though not correct as a statement of the rule of contributory negligence, was, it seems, proper because of variance of such proof from his pleadings. (P. 147.)

**5.—Harmless Error.**

Error in instructions as to the measure of damages was not prejudicial to plaintiff where the verdict was in favor of defendant on the issue of its liability for any damages.  (P. 148.)

**6.—Damages—Charge—Omission.**

Mere omission in the charge on damages to submit one of the elements for which plaintiff might have recovered under the proof is not error of which he can complain in the absence of request for an instruction supplying the omission; but the charge here considered is held not subject to such criticism.  (P. 148.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

Settle sued the traction company, and appealed from a judgment in favor of defendant.  Upon a judgment reversing and remanding, the traction company obtained writ of error on the ground of conflict in decisions.

*Ogden, Brooks & Napier,* for plaintiff in error.—The holding of the Court of Civil Appeals in this case that the third section of the charge contained affirmative error, authorizing the reversal of this case, is erroneous, because the error complained of was one merely of omission that plaintiff could not complain of in the absence of a special charge requesting the submission of the issue, and such holding of the Court of Civil Appeals overrules and is in direct conflict with the decisions of the Supreme Court in the following cases.  Parks v. San Antonio Traction Co., 100 Texas, 226; Lester v. Railway Co., 99 Texas, 214; Railway Co. v. Eberhart, 91 Texas, 323; Wilkinson v. Johnson, 83 Texas, 395; Shumard v. Johnson, 66 Texas, 73; Berryman v. Schumaker, 67 Texas, 321.

It overrules and is in direct conflict with its own decisions in Peck v. Railway Co., 91 S. W., 324; Batey v. Railway Co., 91 S. W., 366; Railway Co. v. Roberts, 91 S. W., 377; Boyles v. Railway Co., 86 S. W., 937; Bluestine v. Collins, 103 S. W., 689; Raimm v. Railway Co., 92 S. W., 429.

It overrules and is in direct conflict with the decisions of the Court of Civil Appeals for the First Supreme Judicial District of Texas in

Railway v. Bolton, 81 S. W., 126. And the decision of the Court of Civil Appeals for the Second Supreme Judicial District of Texas in Bridgeport Coal Co. v. Wise County Coal Co., 99 S. W., 410.

*C. S. Robinson,* for defendant in error.—The court erred in third section of charge by therein withdrawing from the consideration of the jury the issue whether plaintiff suffered any injury by being dragged by the car, and limiting plaintiff's right to recover to injuries sustained by being thrown down on step or footboard of the car. Scott v. Texas & P. Ry. Co., 93 Texas, 625; Johnston v. Johnston, 67 S. W., 125; Seffel v. Western U. Tel. Co., 65 S. W., 899; Building Co. v. Jones, 94 Texas, 497; Humphries v. Edwards, 89 Texas, 513; Chamblee v. Tarbox, 27 Texas, 147; Bolter v. Tumlinson, 77 S. W., 826; Eppstein v. Thomas, 44 S. W., 893; Stude v. Saunders, 2 Posey, U. C., 124; McCarty v. Houston & T. C. Ry. Co., 54 S. W., 421; Cornelius v. Buford, 28 Texas, 210; Smithwick v. Andrews, 25 Texas, 495.

It is error for the court, by instructions to the jury, to limit plaintiff's right to recover to one set of facts when the pleadings and evidence show other facts authorizing recovery. Railway Co. v. Sheider, 88 Texas, 152; Railway Co. v. Reed, 88 Texas, 439; Railway Co. v. Conway, 98 S. W., 1071; Railway Co. v. Seiger, 79 Texas, 14; Western U. Tel. Co. v. Bennett, 21 S. W., 699.

The law requires that a special charge be written and signed by the attorney of the party requesting it. The signing of writing is the request. Belcher v. Missouri, K. & T. Ry. Co., 92 Texas, 599; Texas & P. Ry. Co. v. Mitchell, 26 S. W., 155; Redus v. Burnett, 59 Texas, 576; Rev. Stat., art. 1319; Heatherly v. Little, 52 S. W., 980.

MR. JUSTICE RAMSEY delivered the opinion of the court.

This suit was brought in the District Court of Bexar County by Thomas V. Settle against the San Antonio Traction Company to recover damages for injuries sustained by him through the negligence of the said company.

As ground of negligence it is alleged "that plaintiff desired to be carried as a passenger for hire on one of defendant's said cars going east on Carson Street and for the purpose of getting on said car to be so carried, plaintiff stood on Carson Street near the corner of Pine Street to await such car, and in a short time the car came along and stopped, about opposite to where plaintiff was standing, and plaintiff attempted to get on the said car as it was standing and while plaintiff was just in the act of getting in the car it was suddenly and violently started forward, and plaintiff was thrown with great force and violence down on the step or footboard of the car, his head and body striking the said board or plank heavily and with great force and partially on said board and with his legs on the ground, plaintiff was dragged thirty or forty feet before the car was stopped."

The traction company answered by general denial and plea of contributory negligence.

At a trial had in said court on the 15th day of June, 1909, a

verdict was returned in favor of the company. An appeal was prosecuted from this judgment to the Court of Civil Appeals for the Fourth Supreme Judicial District, in which court, on February 9, 1910, a judgment was rendered reversing the judgment of the court below on the ground, among other things, that there was error in the charge of the court, which will be hereafter set out. Thereafter application was made to this court for writ of error on the ground, in substance, that the decision of the court of Civil Appeals in this case overrules certain of its own decisions as well as the decisions of other Courts of Civil Appeals and of this court.

We think that there can be no doubt that there is a substantial and real conflict between the decision herein rendered in the Court of Civil Appeals and opinions as heretofore rendered by the same court as well as with decisions of other Courts of Civil Appeals and of this court.

1. Among other things, the court charged the jury as follows: "If you believe from the evidence that on or about the 15th day of May, 1908, the plaintiff was standing on Carson Street, near the corner of Pine Street, in the city of San Antonio, and that the plaintiff attempted to get on one of the cars operated by the defendant company as the said car was standing still, and while the plaintiff was in the act of getting on the car, it was suddenly and violently started forward and plaintiff was thrown with great force and violence down on the step or footboard of the car, and he thereby sustained the injuries, if any, that you find from the evidence he has sustained by reason of the fall from the car, if any, and if you further believe from the evidence that it was negligence on the part of the defendant to start said car in the manner and under the circumstances that you find from the evidence that the defendant did start said car—if you so find—and you further believe from the evidence that such negligence, if any, was the direct cause of injuries, if any, to the plaintiff—then you are instructed to return a verdict for the plaintiff."

In this connection it will be noticed that it is averred, in substance, in the plaintiff's petition, that by reason of the car starting suddenly and violently he was thrown with great force down on the step or footboard of the car, his head and body striking same, and that while partly on said footboard and with his legs on the ground he was dragged some thirty or forty feet before the car stopped. The Court of Civil Appeals found that there was evidence sustaining this last allegation and the case was reversed for the reason that, in the opinion of that court, not only was this ground of negligence not submitted to the jury, but was, in substance and effect, withdrawn from the jury, and the charge as given constituted affirmative error. To this conclusion we can not agree. We think the charge of the court was not affirmatively erroneous but that the only possible objection to same was that it did not submit as a basis of recovery one of the grounds set up in plaintiff's petition. It can not, we think, be successfully urged that there was any conflict between the ground submitted in fact by the court and the ground of negligence the

omission to submit which is here complained of. Nor can it be claimed that the submission of the allegation of negligence based upon the conduct of the company in suddenly and violently starting its car and throwing him on the footboard with great force and violence, in any sense, constitute an affirmative error, or that the submission of this issue in intrinsically unsound or in its terms inaccurate. We think the error solely one of omission and that the burden was on defendant in error to ask a special instruction submitting the omitted ground of negligence to the jury.

In the case of Wilkinson v. Johnson, 83 Texas, 392, it was held that a failure to submit an issue made by the pleadings and evidence will not be grounds for reversal where no request was made that such issue be submitted.

In the case of Texas & Pacific Ry. Co. v. Eberheart, 91 Texas, 323, Judge Denman, speaking for the court, said in passing upon a defensive charge: "This was a charge instructing the jury to find for the defendant upon a certain state of facts. If there was any other group of facts which would have authorized a finding for defendant, it should have asked a charge presenting such issue. The defendant could not have been prejudiced by the charge as far as it went."

The same doctrine, in effect, was announced in the case of Parks v. San Antonio Traction Co., 100 Texas, 222, where the court say: "The charge in this case contained no such instruction in favor of the plaintiff. The distinction, upon the mere statement of it, may appear to be a close one, but it is really a substantial and important one, for upon it depends the further question as to the duty of parties to aid the trial courts in a submission of their cause of action or grounds of defense by supplying mere omissions and deficiencies in instructions given." In this case it is also said: "The rule in our practice which permits a party to complain in the appellate courts of positive errors in the charges of trial judges, without having in any way excepted or called attention to them at the trial, is quite liberal enough, and should not be allowed to embrace cases like this, where the instruction is entirely favorable to the complaining party, and is merely deficient in not going as far as he might have carried it by requested instructions."

To the same effect is a decision in the case of Yellow Pine Oil Company v. Noble, 100 Texas, 358, where it is said: "It does not appear that the charge given contained anything contrary to that view. The instruction stated was, in effect, that if such conduct was shown and was negligent the verdict must be for defendant, which is true. It can not be said that this instruction was erroneous. In the absence of something else in the charge, a special instruction that disregard of such a warning would constitute contributory negligence or an assumption of the risk could consistently have been asked and given; which demonstrates that what is complained of was the mere omission of the court to go as far as it is now contended it should have gone, which omission should have been supplied by a request for a special instruction."

This same question was considered and reviewed in the more recent case of Houston & Texas Central Ry. Co. v. Haberlin, ante, p. 50, 133

S. W., 873, where the two cases, last referred to, were in terms approved. Authorities might be multiplied in support of this proposition indefinitely, but what we have said is sufficient.

2. The next matter complained of and urged as a ground of reversal of the judgment is the action of the court in giving the following instruction which was stated by the court to have been given at the request of both plaintiff and defendant: "If you believe from the evidence that the plaintiff attempted to board said car while it was in motion, you will return a verdict for defendant." This instruction seems to have been understood by the defendant in error as having been given with reference to the issue of contributory negligence. Of course if that were true it would be manifestly incorrect. We gather, however, and such was the statement of counsel in argument, that it was given as requested by counsel for the company in the belief that, since it was distinctly alleged in the petition that the car was standing still at the time defendant in error sought to board the same, if it should appear in evidence that in fact it was in motion at the time he attempted to board same this would operate to defeat his cause, since it would demonstrate that the injuries occurred in a manner and way not alleged in the petition. In the bill of exceptions, as to the circumstances under which this special charge was given, the following statement is made by the learned trial judge: "That when the special charge hereinabove referred to was presented to me by the attorneys for the defendant, I stated to them that I would refuse the charge, because I did not believe it was the law of this case. Thereupon, I called to the bench Mr. C. S. Robinson, attorney for the plaintiff, and handed to him the charge in question, telling him at the time that I did not believe the charge in question covered the law of this case, and that I would refuse it unless he would join in the defendant's request that it be given. Whereupon, Mr. Robinson requested me to give the charge in question. I thereupon endorsed upon the charge 'Given at the request of both plaintiff and defendant,' signed my name officially thereto, read the same to the jury, and jury took said charge with them in their retirement."

It is well settled that where one accepts a bill of exceptions with a qualification by the court that he is bound and committed by same and we must, in passing on the matter, accept as true the statement of the court in such qualification. In this case, however, the affidavit of counsel for plaintiff is not substantially at variance with the statement of the court. It seems, however, to be the contention of the counsel for defendant in error that since he did not actually sign the requested instruction and in writing ask that it be given that he is to be absolved from the effect of a request verbally made. In the first place it is not certain that the giving of this charge under the facts of the case was erroneous. Without definitely deciding this point we are inclined to the belief that it should have been given. But however this may be it seems to us demonstrably clear that defendant in error can not now complain of the giving of a charge which on the trial he consented should be given. Under the doctrine of invited error and proceeding on every principle of right and fairness

it seems to us that he should be, as indeed he is, estoppel from now complaining of the giving of this charge.

3. Again counsel complain of the following paragraph of the court's charge: "If you find for the plaintiff and believe from the evidence that he has sustained injuries by reason of his falling from said car, if you so find, then you are instructed that you should award him such sum as you believe from the evidence will fairly compensate him for the injuries which he sustained by reason of his fall from the car, if any, and in estimating his damages, if any, you may take into consideration the mental and physical pain, if any, suffered by him consequent upon such injuries, if any and if you believe from the evidence that such injuries, if any, are permanent and will impair his capacity to labor and earn money in the future, then you may award him such sum as you believe from the evidence will fairly compensate him for such diminished capacity, if any, to labor and earn money in the future."

This is complained of on the ground that it did not authorize the jury to find for the defendant in error damages for being dragged on the ground after he had been thrown on the footboard of the car. We think an answer to that contention may be found in the fact that since no damages were found for defendant in error at all it must be obvious that if this issue had in terms been submitted, it would not have availed him. The measure of damages included in this charge was for the guidance of the jury in the event only that they found the traction company liable to him, and since it is obvious from their verdict that they found no liability at all, the failure to directly submit to the jury as one of the elements of damages the injuries suffered, while being dragged on the ground can not avail. We think, however, that it is perfectly clear that in any event if liability had been found that this would not constitute affirmative error. In the case of St. Louis, Southwestern Ry. Co. of Texas v. Bolton, 36 Texas Civ. App., 87, 81 S. W., 123, it is held that in action for injuries where the court charged on the issue of damages that the jury might take into consideration the nature and extent of plaintiff's injuries and any physical or mental pain which he had suffered as the direct or proximate cause thereof, as such charge contained no affirmative error and merely omitted to submit to the jury one of the elements of damages for which the plaintiff might have recovered, plaintiff having failed to request a special instruction supplying the omission, could not complain of the charge as given. But, it seems to us, that any jury must have understood from this charge, and such is its fair import, that they were authorized to find for defendant in error, if they held the traction company liable, for all the damages which resulted from the circumstance or fact of his injuries by their negligence, and that the language is sufficiently broad to cover all injuries which happened at the same time and as a part and due to the same occurrence and transaction. A careful examination of the record has failed to convince us that there is any error in the trial court of a substantial character such as would authorize a reversal of its judgment. It is therefore ordered that the judgment of

the Court of Civil Appeals be and the same is hereby reversed and the judgment of the District·Court is affirmed.

*Reversed and judgment of District Court affirmed.*