## NACOGDOCHES COMPRESS CO. v. HAYTER. (No. 126.)

(Court of Civil Appeals of Texas. Beaumont. June 1, 1916. Rehearing Denied Oct. 12, 1916.)

1. JUSTICES OF THE PEACE ⊚═174(22) — APPEAL—FURTHER PLEADINGS.

Where, in an action originating in a justice court, the pleadings were oral, the parties could orally replead in the county court, and the pleadings need not be as full and specific as is required when a case originates in the county court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 688; Dec. Dig. ⊚═ 174(22).]

2. APPEAL AND ERROR ⊚═662(3) — SCOPE — CONCLUSIVENESS OF RECORD.

A bill of exceptions accepted by the appealing party binds him, and statements therein as to the status of the pleadings must be taken as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2852; Dec. Dig. ⊚═662(3).]

3. FACTORS ⊚═66—ACTIONS—RIGHT TO MAINTAIN.

A cotton factor who engaged in repeated transactions with the defendant in behalf of his principal could maintain action in his own name for a conversion of the principal's cotton stored with defendant by such factor.

[Ed. Note.—For other cases, see Factors, Cent. Dig. §§ 96–103; Dec. Dig. ⊚═66.]

Appeal from Nacogdoches County Court; J. F. Perriette, Judge.

Action by S. B. Hayter against the Nacogdoches Compress Company. From a judgment of the county court affirming judgment of the justice court for plaintiff, defendant appeals. Affirmed.

Harris & Harris, of Nacogdoches, for appellant. Blount & Strong, of Nacogdoches, for appellee.

CONLEY, C. J. This suit was instituted in the justice court, precinct No. 1, Nacogdoches, Tex., by appellee against appellant, the appellee filing with the justice the following statement of his demand:

"Nacogdoches Compress Company, in account with S. B. Hayter. Total value of 3 bales of lint cotton deposited with said Nacogdoches Compress Company during the fall of 1912 for the account of S. B. Hayter, and which said 3 bales of cotton, though demanded of said compress company, have not been delivered to said Hayter.

| | |
|---|---:|
| Value | $180 00 |
| Interest for one year | 10 80 |
| Total | $190 80" |

Citation was issued, and appellant appeared and answered, and upon trial of the cause judgment was rendered in favor of the plaintiff therein. An appeal was taken to the county court, and there the cause tried by the court de novo, before a jury, and the same verdict and judgment rendered. From this judgment an appeal has been taken to this court.

The undisputed evidence in the record shows that the plaintiff, who lived in Nacogdoches county, had shipped to him from Huntington, Tex., by R. P. McKewn, about 200 bales of cotton, for the season of 1912; that in the month of December 92 bales of said cotton were delivered to the appellant, he receiving receipts therefor; that all of said cotton was shipped by the said McKewn to the appellee in his own name, and was stored by the appellee with the defendant compress company, and that the compress company redelivered, upon surrender of the receipts held by appellee, all of said cotton except the 3 bales in controversy. The appellee was acting for McKewn in the handling and sale of said property, and accounted for all of the proceeds in a settlement theretofore had between them. The evidence of the appellant shows that the appellee made demand on it for the 3 bales of cotton, and that when such demand was made, investigation revealed the fact that the 3 bales of cotton in controversy were shipped out on the order of another buyer of Nacogdoches, through a guaranty made by the buyer that he would thereafter procure and surrender the warehouse ticket therefor. The 3 bales of cotton in dispute were never at any time delivered to the appellee, or, so far as the record shows, to McKewn.

The only question raised under appellant's several assignments of error is that no authority is shown by the appellee to recover any judgment in this cause, inasmuch as the evidence shows that appellee was not the owner of the cotton sued for, nor the owner of the cause of action, but that McKewn, another and different person, was the owner of the same, and that neither the pleadings nor the proof show that any trust or agency existed between the plaintiff (appellee) and the said McKewn.

[1] Where in an action originating in a justice court the pleadings are oral, as they were in this case, the parties may orally replead in the county court, and the pleadings need not be as full and specific as is required when a case originates in the county court. Loomis v. Broaddus, 134 S. W. 743.

[2] We have no way of telling what the

oral pleadings were in the justice court or in the county court, as the record is silent on that subject. However, in approving one of the bills of exception, the trial judge, in his qualification of said bill, states that the pleadings, in his opinion, were sufficient to authorize a recovery by the appellee as the agent in possession of the property. This bill is accepted by the appellant, and it is therefore bound and committed thereby, and the statement of the court as to the status of the pleadings must be taken as true. Railway Co. v. Settle, 104 Tex. 142, 135 S. W. 116; Cyphers v. State, 67 Tex. Cr. R. 504, 150 S. W. 187.

[3] There is no merit in the contention that the proof failed to show that any trust or agency existed between the appellee and McKewn, the real owner of the cotton. The evidence is undisputed that the appellee was a cotton factor, handling and selling the cotton of McKewn. The cotton, some 200 bales in number, was shipped by McKewn to appellee, a large portion of which, if not all, was stored by appellee with the appellant. A receipt for said cotton was issued by the appellant, and given to appellee. Thereafter appellee sold at different times all of said cotton except the 3 bales involved in this suit. In these transactions he demanded and received the cotton of his principal, and his authority was recognized by the appellant so to do. There is no denial of the claim that the appellant has failed to account for the 3 bales of cotton in dispute. Under the facts and circumstances of this case, there being a conversion of the property, appellee was authorized to maintain in his own name this action against the appellant. Kendall v. Calder, 2 Posey Unrep. Cas. 732.

Finding no error in the action of the trial court, this cause is affirmed; and it is so ordered.