**WM. A. SMITH CONTRACTING COMPANY, Inc., Appellant**

v.

**WEST CENTRAL TEXAS MUNICIPAL WATER DISTRICT, Appellee.**

No. 21678.

United States Court of Appeals
Fifth Circuit.

April 22, 1965.

Donald L. Howell, William R. Eckhardt, Vinson, Elkins, Weems & Searls, Houston, Tex., for appellant.

Hudson Smart, McMahon, Smart, Sprain, Wilson & Camp, Abilene, Tex., for appellee.

Before WHITAKER,\* Senior Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge:

This case arises out of a contract for the construction of Hubbard Creek Dam. The jury returned a special verdict upon which the Court entered judgment for the plaintiff in the amount of $3,369.35. This appeal involves three separate

\* Of the United States Court of Claims, sitting by designation.

1. The parties will be referred to as plaintiff and defendant.

claims of the plaintiff [1] for: (1) damages for delay of the construction by defendant's failure to provide the necessary rights of way; (2) additional compensation for excavation of a channel not provided for in the contract; and (3) interest accrued by reason of defendant's detention of the balance of monies due under the contract.

1. Damages for Delay.

In its complaint the plaintiff claimed damages for the delay in the total sum of $72,939.84. Upon pretrial it was admitted that the written contract was entered into on December 13, 1960 and that the plaintiff claimed that on the same date plaintiff was orally advised that it could commence work on January 2, 1961. The defendant had not by that date acquired all of the needed rights of ingress.

By the written contract the plaintiff agreed to commence work within 10 days after *written notice*, to substantially complete the work within 500 working days after the date established in the *written notice*, and to liquidated damages of $100.00 per day for delay beyond the number of days agreed upon for the completion of the work. The contract also contained a provision forbidding its modification by any verbal agreement. The parties, however, are agreed that such a contractual provision is of no legal effect under Texas law, and that the power to modify is coextensive with the power to contract.[2]

The statute of limitations in Texas is two years for actions on parol contracts,[3] and four years for actions on written contracts.[4] The present action was commenced on April 9, 1963, more than two but less than four years after the accrual of the claimed damages for delay. The district court took the position that the damages for delay were based upon an

2. See Groce v. P. B. Yates Mach. Co. (Tex. Common App.1926, judgment adopted), 288 S.W. 161.

3. Vernon's Texas Civil Statutes, Art. 5526.

4. Vernon's Texas Civil Statutes, Art. 5527.

alleged oral agreement and accordingly dismissed that claim.

The plaintiff does not question the principle that an action based upon an oral modification of a written agreement is subject to the two-year statute of limitations,[5] but insists that the defendant breached the written contract by failure to provide the necessary right of way. It is the plaintiff's theory that the oral notice to commence work created no new right but simply put into operation a contingency contemplated by the written contract. The plaintiff relies upon the case of Wilkinson v. Johnston, 1892, 83 Tex. 392, 18 S.W. 746. In that case a building contract contained a written clause providing for extra work but the extras were ordered orally. As to the contention that the contract was oral, the Court stated:

"We think the statute prescribing limitation of four years applies in this case. The contract to construct the building, and also providing for extras and changes that may be made, is in writing. The fact that the extent of extras and changes in the plans was subsequently agreed to would create no new right or contract that was not fully provided for in the written contract. The making of such changes and extras is simply putting into operation a contingency that the parties contemplated might occur when they executed the contract, and for which they provided in this written agreement. The extras and changes are simply incidents of the main contract." 18 S.W. at 747.

We think that that and similar cases are clearly distinguishable. Here the contract expressly provided that the notice to commence work should be a written notice. That provision was for the benefit of both parties. It gave the plaintiff ten days' notice before it had to start any kind of work. It gave the defendant some time to complete the acquisition of rights of way. It established the date

from which the completion of work and any liquidated damages should be calculated. For an oral notice to take the place of the written notice required by the contract, the contract itself had to be modified. We agree, therefore, with the district court that it affirmatively appeared that the claim for damages for delay was barred by the two-year statute of limitations and, hence, that that claim was properly denied, in effect, by summary judgment.

2. Additional Compensation for Excavation of Channel.

During the progress of the work, plaintiff was asked to bid on the excavation of a channel not provided for in the contract. Plaintiff submitted a letter proposal dated June 9, 1962, stating:

"We will excavate the channel, as proposed in our letter of May 29, for $0.29 per cubic yard. Material from the channel excavation which can be placed *directly* from the channel excavation (as excavated) into the embankment as excavated will be considered as borrow and the price of $0.29 per cubic yard would be reduced by $0.23 per cubic yard which is our embankment bid item price."

The defendant responded with a letter dated June 13, 1962, stating:

"This is your authorization to proceed with the construction of the Service Outlet Extension as shown on drawing number WCT 6229, at the prices quoted in your letter of June 9, 1962 and as follows:

Structure, Lump Sum ....... $4,350.00
Rip-Rap, cu. yd. ............ $ 4.25
Channel Excavation, (if wasted) cu. yd. ............... $ .29
Channel Excavation, (suitable for embankment) cu. yd. ... $ .23"

The plaintiff excavated the material in advance of the time when it could be placed in the embankment, and stockpiled it for later placing in the embankment. On conflicting testimony, the ju-

5. See Purdin v. Jenkins, Tex.Civ.App., 1960, 337 S.W.2d 418.

ry found that the plaintiff was not instructed by the engineer that the channel excavation would have to be delayed until the plaintiff was authorized to close the dam.

After the channel excavation work was completed, the engineer issued Periodical Estimate No. 18 on August 14, 1962, which showed "Channel Excav. 65,422 c.y. at $.29, 18,972.38."

On August 23, 1962, the engineer wrote to plaintiff:

"Reference is made to extra work statement attached to periodical estimate number 18 covering work on Hubbard Creek Dam during the month of July. Inadvertently the 65,422 cubic yards of excavation in the channel for the low level outlet was included in the statement at 29¢ per cubic yard. This excavation would be included in the next estimate at 6¢ per cubic yard, which is the agreed price for that portion of the excavated material placed in the embankment * * *."

On August 28, 1962, plaintiff responded:

"I have read your letter of 23 August 1962, * * * in regard to work included in Partial Payment Estimate No. 18 involving excavation in the channel of the low level outlet.

* * * * * *

"We believe, therefore, that we are entitled to the payment of $0.29 per cubic yard as agreed upon. Accordingly, we are unable to agree with the conclusion set out in your letter of 23 August 1962 and we respectfully request your review and reconsideration of the matter, or to accept this letter as an appeal from your decision."

The engineer did not reply by letter.

On September 12, 1962, the engineer issued Periodical Estimate No. 19 which provided in part:

"EXTRA WORK, ESTIMATE #18—
"Deduct Service Outlet Extension—
Channel Excavation:

| | |
|---|---|
| 65,422 Cu. Yd. at $0.29— | $18,972.38 |
| 65,422 Cu. Yd. at $0.06— | 3,925.32 |

(at $0.23 per Cub. Yd.) = $15,047.06
Deduct 65,422 Cub. Yd. at $0.23—
Transferred to Wetted & Rolled
Embankment—    (—) $15,047.06"

Plaintiff protested this deduction orally, but made no further written protest.

The district court quoted paragraph 6.02 of the contract as follows:

"*6.02 TIME OF FILING CLAIMS.* It is further agreed by both parties hereto that all questions of dispute or adjustment presented by the CONTRACTOR shall be in writing and filed with the ENGINEER within thirty (30) days after the ENGINEER has given any directions, order or instruction to which the CONTRACTOR desires to take exception."

The district court held:

"* * * that the Plaintiff did not comply with the quoted provisions of such paragraph in regard to the instruction and direction of the Engineer attached to and made part of Partial Estimate No. 19 issued in September, 1962, and totally failed to do the things required in order to preserve a claim for additional compensation for such work; that by such failure, Plaintiff waived its right to later make claim for additional compensation for the channel excavation work."

Paragraph 2.02 of the contract also deals with the procedure for making written objections to decisions of the engineer:

"*2.02 ENGINEER'S AUTHORITY AND DUTY.* Unless otherwise specified, it is mutually agreed between the parties to this Agreement that the ENGINEER shall supervise all work included herein. He has the authority to stop the work whenever such stoppage may be necessary to insure the proper execution of the contract. In order to prevent delays

and disputes and to discourage litigation, it is further agreed that the ENGINEER shall in all cases determine the amounts and quantities of the several kinds of work which are to be paid for under this contract. He shall determine all questions in relation to said work and the construction thereof, and shall in all cases decide every question which may arise relative to the execution of this contract on the part of said CONTRACTOR. The ENGINEER'S estimates and findings shall be the conditions precedent to the right of the parties hereto to arbitration or to any action on the contract, and to any rights of the CONTRACTOR to receive any money under this contract; provided, however, that should the ENGINEER render any decision or give any direction which, in the opinion of either party hereto, is not in accordance with the meaning and intent of this contract, either party may file with said ENGINEER within thirty (30) days his written objection to the decision or direction so rendered, and by such action may reserve the right to submit the question so raised to arbitration as herein provided. It is the intent of this agreement that there shall be no delay in the execution of the work; therefore, the written decision or directions of the ENGINEER as rendered shall be promptly carried out, and any claim arising therefrom shall be thereafter adjusted by arbitration as hereinafter provided.

"The ENGINEER shall, within a reasonable time, render and deliver to both the OWNER and the CONTRACTOR a written decision on all claims of the parties hereto and on all questions which may arise relative to the execution of the work or the interpretation of the contract, specifications and plans. Should the ENGINEER fail to make such decision within a reasonable time, an appeal to arbitration may be taken as

if his decision had been rendered against the party appealing."

■■ The two paragraphs read together are ambiguous. Paragraph 2.02 uses "determine" or "decision," whereas paragraph 6.02 uses "directions, order or instruction." The ambiguity counts against the defendant because it prepared the contract. See 13 Tex.Jur. 2d, Contracts § 121, n. 2.

We need not decide whether the district court gave too technical a construction to paragraph 6.02 considered alone, for we are clear to the view that plaintiff's letter of August 28, 1962 came within the literal terms of paragraph 2.02 and that the plaintiff should be allowed to invoke the provisions of that paragraph. We hold that the district court erred in ruling that the plaintiff had waived its right to make claim for additional compensation for the channel excavation work.

■■ We come then to the measure of such additional compensation. We think that the engineer could reasonably find, as he testified, that there was not a clear meeting of the minds in the plaintiff's letter proposal of June 9, 1962 and defendant's response of June 13, 1962, which have been heretofore quoted. The engineer further testified:

"Q. Now, I will ask you whether or not the 29 cents plus the 23 cents, and if he was to receive 52 cents, such as he received in connection with the first estimate—whether or not that would be a fair and reasonable price?

"A. That would be an exhorbitant price."

On a special issue, the jury found that the fair, reasonable value of the plaintiff's services in excavating from the channel the soil actually placed in the stockpile, including the 23 cents per cubic yard for later placing such soil in the embankment, was 40½ cents per cubic yard. We think that the plaintiff should recover on this *quantum meruit* basis. If that basis is applied the parties are agreed that the plaintiff would be entitled

to recover the principal sum of $5,635.00. Since that sum would not be earned until the soil was placed in the embankment, a date not apparent to us, we hold that interest shall be calculated on such sum only from the date final payment was due, as hereinafter discussed.

### 3. Interest on Final Payment.

Under the terms of the contract, the defendant was obligated to pay to the plaintiff the balance due before the 35th day after the date of the engineer's Certificate of Completion which was issued on November 26, 1962. The check for such balance did not include either of the items discussed in this opinion but was stated to be for "all monies due" or "balance due." The contract provided that the acceptance of the final payment "shall be a bar to any claims by either party." Upon plaintiff's objection, defendant wrote stating that the cashing of the check would not constitute a waiver of the right to prosecute a claim for the channel excavation work. The district court allowed interest to a date two days after the date of such letter. The plaintiff nonetheless declined to cash said check because it would constitute a waiver to its claim for delay damages, and the defendant on request had failed to remove that condition.

It is true that we affirm the district court's denial of the plaintiff's claim for delay damages. That claim was, however, made in good faith and was based upon a reasonably tenable ground. The compromise of a disputed claim made in good faith, though it ultimately appears that the claim was without merit, is sufficient consideration for a promise.[6] The offer of payment which conditioned acceptance upon plaintiff's giving legal consideration was not a sufficient tender.

On May 20, 1963, the defendant deposited in court the amount which it claimed to be due, which is conceded to be an unconditional tender. The contract provided for six per cent interest on pay-ments delayed after their due date. We hold that the judgment should be modified so as to award plaintiff interest on the amount deposited in court from the date it became payable, as aforesaid, until it was deposited in court on May 20, 1963. Interest on the additional sum herein allowed for the channel excavation work should be calculated from the date final payment was due to the date of payment of such sum.

The judgment is therefore reversed with directions to enter a judgment in accordance with this opinion.

Reversed with directions.

---

6. Hunter v. Lanius, 1892, 82 Tex. 677, 18 S.W. 201.