NO. 07-99-0485-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 27, 2001



______________________________




KRISTAN PENNINGTON, APPELLANT



V.



PAUL CHERRY, APPELLEE




_________________________________



FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;



NO. 37,888; HONORABLE BRITT E. PLUNK, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR REHEARING Appellant Kristan Pennington has filed a motion for rehearing in which she
advances five grounds she believes show error in our original opinion. Remaining
convinced that our original disposition was correct, we overrule appellant's motion.

 Appellant initially takes issue with our observation that the argument in support of
her second issue did not comply with the requirement of Texas Rule of Appellate
Procedure 38.1(h), which requires record references in support of an appellant's issues. 
She points us to the record references given in the statement of facts as support for the
argument concerning her medical expenses. An examination of Rule of Appellate
Procedure 38.1 reveals that supporting references to the record are required in both the
statement of facts, 38.1(f), and in the argument, 38.1(h). Compliance with subsection f
does not excuse a party from compliance with the remainder of the rule. 

 Appellant next seeks to rely on Rule of Appellate Procedure 38.1(f) for the
proposition that we must accept as true the statement in her original brief that the parties
stipulated to $2,692.25 in reasonable and necessary medical expenses because the
statement was not contradicted in appellee's brief. This argument evidences a
misunderstanding of the issue presented by this case. The existence of the stipulation
was not in question. The issue was whether counsel's repeated misstatement of the
amount of stipulated medical expenses resulted in invited error or waiver. We held that
it did, precluding reliance on the stipulation on appeal.

 Appellant's motion also contains a list of 12 specific medical bills with record
references in support of her statement that "the jury was presented with direct testimony
that of the amounts [sic] for $2617.25." Our original opinion stated that appellant only
presented testimony of $1,495 in medical expenses. Specifically, she did not testify to the
amount contained in her exhibit numbers 5, 11, and 12d. Appellant has attached portions
of the trial record as an appendix to her motion. These documents confirm there was no
testimony on the amounts of the bills shown in exhibits 5 and 12d. With regard to exhibit
11, which is a bill for $1,057 for physical therapy, the copy of the reporter's record attached
to appellant's motion differs from the official record filed in this court by the court reporter. 
The reporter's record on file in this case shows that appellant was asked the total amount
of the bill in exhibit 11, but it does not contain a response. In response to an inquiry from
this court, the parties have agreed, pursuant to Texas Rule of Appellate Procedure 34.6(e),
that the excerpt attached to appellant's motion correctly reflects the trial proceeding. 

 When we include the testimony concerning $1,057 in expenses reflected in exhibit
11, the total medical expenses shown by appellant's testimony is $2,552. Parenthetically,
the citations provided by appellant do not support her contention that the exhibits showing
her medical expenses were published to the jury. 

 Regardless of the specific amount of medical expenses shown by appellant's
testimony, our resolution of this issue was based on the absence of evidence that those
expenses were reasonable and necessary. Appellant seeks to challenge that holding by
referring to the party's stipulation which, she contends, obviates the need for additional
evidence on this issue. As noted above, we continue to adhere to the view that counsel's
repeated statements during the trial that the parties stipulated to reasonable and
necessary medical expenses of $1,765 amounted to invited error and precludes her
reliance on the stipulation as to any additional amounts. She presents no argument
challenging the application of the doctrine of invited error. See Austin Transp. Study Policy
Advisory Committee v. Sierra Club, 843 S.W.2d 683, 689 (Tex.App.--Austin 1992, writ
denied). We overrule appellant's first issue on rehearing.

 Appellant's second issue is also based on the argument that the evidence
"incontrovertibly and unequivocally established [her] medical expenses" of $2,617.25. She
again fails to address the well-established requirement discussed in our original opinion
that the evidence show expenses be reasonable and necessary. See Oil Country Haulers,
Inc. v. Griffin, 668 S.W.2d 903, 904 (Tex.App.-Houston [14th Dist.] 1994, no writ); Tex. Civ.
Prac. & Rem. Code § 18.001 (Vernon 1997). We overrule appellant's second issue.

 In her third issue on rehearing, appellant challenges our reliance on her counsel's
statements that the stipulated reasonable and necessary medical expenses were $1,765. 
She argues that we provided no citation to authority supporting what she characterizes as
our reliance on statements of counsel rather than the evidence presented at trial. We
initially note that in addition to counsel's oral statements as to the amount of the
stipulation, appellant made no objection to submission of a jury question stating the parties
stipulated to $1,765.14 in medical expenses. 

 The doctrine of invited error is well established in Texas jurisprudence. See
General Chemical Corp. v. De La Lastra, 852 S.W.2d 916, 920 (Tex. 1993); San Antonio
Traction Co. v. Settle, 104 Tex. 142, 135 S.W. 116, 118 (1911). It is an equitable doctrine
which prohibits a party from acting in a way that misleads a trial court into committing error. 
Id. at 118. That is precisely what occurred at trial when appellant's counsel repeatedly
misstated the amount of the stipulation and failed to object to the inaccurate recitation in
the jury question. As noted above, appellant has failed to present any authority showing
the inapplicability of that doctrine here. We overrule appellant's third issue on rehearing.

 In her fourth issue, appellant concedes that her testimony was insufficient to
establish that the medical expenses were reasonable and necessary. She also assumes,
for purposes of this issue, that counsel's misstatement of the amount of the parties'
stipulation waived her right to rely on the stipulated amount, but argues the waiver would
not extend to the reasonableness and necessity of the expenses. In effect, she seeks to
separate the stipulation concerning the amount of medical expenses and their
reasonableness and necessity. We cannot accept that distinction. None of the discussion
regarding the stipulation supports the distinction now urged by appellant. By representing
at trial that the parties stipulated that Cherry's negligence caused $1,765 in medical
expenses, appellant cannot rely on the stipulation to support a greater amount. We
overrule her fourth issue. 

 Appellant's fifth and final issue challenges our failure to award costs to her on
appeal. She argues such an award is mandated by Rule of Civil Procedure 139 and Rule
of Appellate Procedure 43.4 because she prevailed on one issue on appeal. The issue
on which appellant prevailed was de minimus compared to the remainder of the judgment,
which was affirmed and did not make her a prevailing party under the rules cited. Keene 

Corp. v. Gardner, 837 S.W.2d 224, 232 (Tex.App.-Dallas 1992, writ denied). We overrule
appellant's final issue and her motion for rehearing.


 John T. Boyd

 Chief Justice


Do not publish.