NO. 07-02-0364-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 22, 2003


______________________________



ROBERT SCHEIDT
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 99,705-2; HON. PAMELA C. SIRMON, PRESIDING


_______________________________



Before JOHNSON, C.J., QUINN, J., and BOYD, S.J. (1)

 Appellant Robert Scheidt appealed from his two convictions for traffic offenses
rendered by the Amarillo Municipal Court. The Potter County Court at Law dismissed his
appeal to that intermediate court for want of jurisdiction because he had already appealed
the convictions to the Randall County Court at Law. At the time appellant filed his notice
of appeal with this court, he alleged he was having difficulty in obtaining a record. 
Therefore, on September 12, 2002, we abated the appeal for a determination of, among
other things, appellant's potential status as an indigent. The trial court convened a hearing
to determine that issue. According to the reporter's record of that hearing, appellant
appeared. However, when the court attempted to question him as to whether he wished
to continue to prosecute his appeal, he stated that he "want[ed] to stand mute. . . ." Then,
he voluntary left the courtroom before the court could investigate his economic status and
resolve the issue of indigence. 

 Nevertheless, a like hearing was held by the Randall County Court at Law by order
of this court in a companion appeal filed by Scheidt. A record of that hearing was
developed and filed with this court in cause number 07-02-0365-CR. We now take judicial
notice of that record. See Trevino v. Pemberton, 918 S.W.2d 102, 103 n.2 (Tex. App. --
Amarillo 1996, no writ) (holding that a court may take judicial notice of the content of
records filed with the court in other causes). According to the record, appellant opted to
participate in the hearing, and the Randall County Court at Law found that he was neither
indigent nor entitled to a free appellate record. 

 Next, on December 2, 2002, this court directed the clerk and the reporter of the
Potter County Court at Law to file the record related to Scheidt's appeal from the Municipal
Court to the county court. They were given 30 days to do so. On January 2, 2003, the
clerk of Potter County notified us that appellant had not paid or made arrangements to pay
for the record. By letter dated January 6, 2003, we directed appellant to file, by January
16, 2003, a statement explaining whether or not he claimed to be indigent and, if so, to file
an affidavit in accordance with Texas Rule of Appellate Procedure 20.1(b). He was
warned that if he failed to comply and failed to pay for the clerk's record by that date, the
cause would be dismissed pursuant to Rodriguez v. State, 970 S.W.2d 133 (Tex.
App.--Amarillo 1998, pet. ref'd). No response has been received, though the January 16th
deadline has lapsed. Nor has Scheidt filed anything of record explaining why he failed to
comply with the deadline or why he has not made arrangements to secure the clerk's
record involving his appeal from the dismissal by the Potter County Court at Law. 

 Under the authority of Rule 2 of the Rules of Appellate Procedure, we suspend, for
this cause only, the operation of Rule of Appellate Procedure 42.4 regarding the
involuntary dismissal of pending criminal actions. We also substitute in its place, per
Rodriguez, Rule 42.3 which empowers us to dismiss, sua sponte, a cause for 1) want of
jurisdiction, 2) want of prosecution, or 3) the failure to comply with a requirement of the
appellate rules, a court order, or a notice from the clerk requiring a response or other
action within a specified time. Tex. R. App. P. 42.3; Rodriguez v. State, 970 S.W.2d at
135. We find good cause for doing so given that appellant 1) was found not to be indigent
in a companion appeal now before us, 2) failed to pay for or make arrangements for the
payment of the clerk's record, and 3) failed to respond to this court's directive of January
6, 2003. See Rodriguez v. State, 970 S.W.2d at 135. We therefore dismiss this appeal
in accordance with Rule 42.3. 

 

 Per Curiam


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon 1998). 



 is also based on the argument that the evidence
"incontrovertibly and unequivocally established [her] medical expenses" of $2,617.25. She
again fails to address the well-established requirement discussed in our original opinion
that the evidence show expenses be reasonable and necessary. See Oil Country Haulers,
Inc. v. Griffin, 668 S.W.2d 903, 904 (Tex.App.-Houston [14th Dist.] 1994, no writ); Tex. Civ.
Prac. & Rem. Code § 18.001 (Vernon 1997). We overrule appellant's second issue.

 In her third issue on rehearing, appellant challenges our reliance on her counsel's
statements that the stipulated reasonable and necessary medical expenses were $1,765. 
She argues that we provided no citation to authority supporting what she characterizes as
our reliance on statements of counsel rather than the evidence presented at trial. We
initially note that in addition to counsel's oral statements as to the amount of the
stipulation, appellant made no objection to submission of a jury question stating the parties
stipulated to $1,765.14 in medical expenses. 

 The doctrine of invited error is well established in Texas jurisprudence. See
General Chemical Corp. v. De La Lastra, 852 S.W.2d 916, 920 (Tex. 1993); San Antonio
Traction Co. v. Settle, 104 Tex. 142, 135 S.W. 116, 118 (1911). It is an equitable doctrine
which prohibits a party from acting in a way that misleads a trial court into committing error. 
Id. at 118. That is precisely what occurred at trial when appellant's counsel repeatedly
misstated the amount of the stipulation and failed to object to the inaccurate recitation in
the jury question. As noted above, appellant has failed to present any authority showing
the inapplicability of that doctrine here. We overrule appellant's third issue on rehearing.

 In her fourth issue, appellant concedes that her testimony was insufficient to
establish that the medical expenses were reasonable and necessary. She also assumes,
for purposes of this issue, that counsel's misstatement of the amount of the parties'
stipulation waived her right to rely on the stipulated amount, but argues the waiver would
not extend to the reasonableness and necessity of the expenses. In effect, she seeks to
separate the stipulation concerning the amount of medical expenses and their
reasonableness and necessity. We cannot accept that distinction. None of the discussion
regarding the stipulation supports the distinction now urged by appellant. By representing
at trial that the parties stipulated that Cherry's negligence caused $1,765 in medical
expenses, appellant cannot rely on the stipulation to support a greater amount. We
overrule her fourth issue. 

 Appellant's fifth and final issue challenges our failure to award costs to her on
appeal. She argues such an award is mandated by Rule of Civil Procedure 139 and Rule
of Appellate Procedure 43.4 because she prevailed on one issue on appeal. The issue
on which appellant prevailed was de minimus compared to the remainder of the judgment,
which was affirmed and did not make her a prevailing party under the rules cited. Keene 

Corp. v. Gardner, 837 S.W.2d 224, 232 (Tex.App.-Dallas 1992, writ denied). We overrule
appellant's final issue and her motion for rehearing.


 John T. Boyd

 Chief Justice


Do not publish.