### Lee Cyphers v. The State.

No. 1562. Decided June 26, 1912.

Rehearing denied October 16, 1912.

**1.—Passing Forged Instrument—Bills of Exception.**

Where the bills of exception to the admission of evidence and matters of practice were not filed in the lower court, they must be stricken out on motion by the State; besides, appellant accepting the bills as qualified, there was no reversible error.

**2.—Same—Charge of Court—Requested Charge.**

Where, upon trial of passing a forged instrument, the question of consent or authority to sign, etc., were submitted to the jury more favorably to the defendant than in the charge he requested, there was no reversible error.

Appeal from the District Court of Caldwell. Tried below before the Hon. B. G. Neighbors, special judge.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Coopwood,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted and convicted of passing a forged instrument and his penalty fixed at two years confinement in the penitentiary.

The evidence for the State shows that about July, 1908, the appellant applied to Mr. J. W. Guckian to buy some buggy shafts and that after some negotiations he sold him the shafts at the price of $2.50. The appellant, not being able to pay for them, represented that his name was Joe McCurdy and offered to give a note in payment for the shafts. Mr. Guckian agreed to that, wrote out the note and the appellant signed it by the name of Joe McCurdy and his mark. He

thereupon passed the said forged note to Guckian in payment for the shafts. The half brother of appellant was named Joe McCurdy and testified that he did not give appellant authority to sign his name to that or any other note. The fact that appellant had gone under the name of Joe McCurdy and had forged this instrument was not discovered until several months thereafter. Upon its discovery and when he was approached thereabouts and knew that he had been detected he fled and it was a long time after that before he was caught by the sheriff, although repeated efforts were made to do so. He was finally caught at Hutto in January, 1911.

Appellant's defense seems to have been that his half brother, Joe McCurdy, had given him authority to use his name, and he understood that that meant that he had authority to sign his half brother's name to this note.

. There appear what purport to be several bills of exceptions to the admission of evidence and to some proceedings between appellant, his attorneys, the judge and the district attorney on the trial of the case. None of these bills appear to have been filed in the lower court. The State objects to this court considering any of said bills, because not filed in the lower court. This contention by the State is correct and under the circumstances we can not consider said bills. However, if we could do so, as they are presented and qualified by the court, none of them would present reversible error. It is settled that when appellant accepts a bill, qualified by the court, he is concluded by the qualification of the judge. All of these bills are qualified by the judge. Some of them by the qualifications amounts to a denial of them, because the judge states such facts as show that what is claimed occurred, did not occur as is stated. So that as the matter is presented, even if we could consider the bills, they would present no reversible error.

The only other question presented is the refusal of the court to give a special charge requested by appellant. This special charge was to this effect: "You are instructed that the burden in this case is upon the State to prove that the defendant did not have the lawful authority of Joe McCurdy to sign his name before you are authorized to convict him.

"The defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt. And in order to establish his guilt, the State must show beyond a reasonable doubt, that the defendant did not have the authority of Joe McCurdy to sign his name."

The court charged the jury that the burden of proof was on the State. He also charged that the defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt and "in case you have a reasonable doubt as to the defendant's guilt, you will acquit him and say by your verdict not guilty."

In addition to charging the jury in submitting the case, that before they could convict appellant they must believe from the evidence,

beyond a reasonable doubt, that the instrument set out in the indictment was forged and further that the defendant in Caldwell County, Texas, knowing the same to be forged, did knowingly pass it as true, the court also charged that if the jury believed from the testimony that Joe McCurdy authorized the defendant to use or sign his name and acting under that authority, or believing that he had that authority the appellant so signed the name of Joe McCurdy to the alleged forged instrument, they would acquit him.

Clearly, by the charge, the appellant's defense was submitted to the jury more favorably to appellant than in the charge he requested, and the charge, as requested, was fully covered by the court's charge.

The judgment will be affirmed.

*Affirmed.*

[Rehearing denied October 16, 1912.—Reporter.]